# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO JARAMILLO, | Case No.  1:17-cv-00064-SAB |
| Plaintiff, | ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 27) |
| Defendant. | |

Petitioner Melissa Newel ("Counsel" or "Petitioner"), attorney for Gerardo Jaramillo ("Plaintiff"), filed the instant motion for attorney fees on August 7, 2020.  (Mot. Att'y Fees ("Mot."), ECF No. 27.)  Counsel requests fees in the net amount of $25,514.75 pursuant to 42 U.S.C. § 406(b)(1), with an offset of $4,800.00 for fees previously awarded under the Equal Access to Justice Act.  Plaintiff was served with the motion and advised that any opposition to the motion was to be filed within fourteen days.  (ECF Nos. 28, 29.)  Plaintiff did not file an opposition to the request.   On March 10, 2020, the Commissioner of Social Security ("Defendant"), filed a statement of non-opposition, specifying the filing was made in a role resembling that of trustee for Plaintiff.  (Def.'s Statement Non-Opp'n Pl.'s Mot. Att'y Fees ("Non-Opp'n"), ECF No. 30.)  For the reasons discussed herein, Petitioner's unopposed motion for attorney fees shall be granted.

1

1

## I.

2

## BACKGROUND

3      On January 13, 2017, Plaintiff filed this action challenging the denial of social security

4  benefits.  (ECF No. 1.)  Following a failed attempt to resolve the matter informally with a timely

5  filed four (4) page confidential letter brief dated August 9, 2017, Plaintiff's counsel filed a

6  twenty-five (25) page opening brief.  (Mot. 3; ECF Nos. 13, 15.)  Following two extensions of

7  time to file Defendant's opposition brief, Plaintiff's counsel subsequently filed a timely nine (9)

8  page reply brief on January 16, 2018.  (Mot. 3; ECF Nos. 17, 20, 21.)  On February 14, 2018, the

9  Court granted in part Plaintiff's social security appeal, remanded the case for further

10  development of the record, and entered judgment in favor of Plaintiff.  (ECF Nos. 23, 24.)

11  Plaintiff's counsel spent 26.40 hours litigating Plaintiff's appeal.  (Mot. 3; Decl. Melissa Newel

12  ("Newel Decl.") ¶ 4, ECF No. 27 at 5.)  On May 16, 2018, based on the stipulation of the parties,

13  Plaintiff's counsel was awarded attorney fees in the amount of $4,800.00 pursuant to the Equal

14  Access to Justice Act.  (Mot. 3; ECF No. 26.)

15      Following remand, the Defendant granted Plaintiff's application for benefits, and on June

16  28, 2020, the Defendant issued a letter stating Plaintiff was entitled to receive $102,059.00 in

17  retroactive benefits.  (Mot. 3; Newel Decl. ¶ 5, Ex. 3, ECF No. 27-3.)  The Commissioner

18  withheld $25,514.75 from the past-due benefit for attorney fees.  (Id.)[1]  This amount equals

19  twenty-five percent (25%) of the retroactive benefit award.  (Id.)  In the instant motion,

20  Petitioner seeks an order awarding attorney fees in the amount of $25,514.75, and further

21  ordering Petitioner to reimburse Plaintiff in the amount of $4,800.  (Mot. 5.)  Thus, the total

22  attorney fee award, following reimbursement to Plaintiff, would be $25,514.75, or twenty-five

23  percent (25%) of the total $102,059.00 in retroactive benefits awarded.

24  ///

25  ///

26

27   [1] Plaintiff's motion incorrectly refers to the amount of $24,514.75 in this portion of the motion (Mot. 3), however
the correct amount is $25,514.75, as indicated on the notice and elsewhere in the moving papers (Mot. 5; ECF Nos.
28  27-3 at 3, 27-4).

1

## II.

## LEGAL STANDARD

3    In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a

4  judgment favorable to a claimant . . . who was represented before the court by an attorney," the

5  court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due

6  benefits to which the claimant is entitled by reason of such judgment."  The payment of such

7  award comes directly from the claimant's benefits.  42 U.S.C. § 406(b)(1)(A).

8    The Supreme Court has explained that a district court reviews a petition for section

9  406(b) fees "as an independent check" to assure that the contingency fee agreements between the

10  claimant and the attorney will "yield reasonable results in particular cases."  Gisbrecht v.

11  Barnhart, 535 U.S. 789, 807 (2002).  The district court must respect "the primacy of lawful

12  attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test

13  it for reasonableness."  Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009) (quoting

14  Gisbrecht, 535 U.S. at 793).  The twenty-five percent maximum fee is not an automatic

15  entitlement, and courts are required to ensure that the requested fee is reasonable.  Gisbrecht, 535

16  U.S. at 808–09 ("§ 406(b) does not displace contingent-fee agreements within the statutory

17  ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

18  agreements").  Agreements seeking fees in excess of twenty-five percent of the past-due benefits

19  awarded are not enforceable.  Gisbrecht, 535 U.S. at 807.  The attorney has the burden of

20  demonstrating that the fees requested are reasonable.  Gisbrecht, 535 U.S. at 807 n.17; Crawford,

21  586 F.3d at 1148.

22    While the Supreme Court in Gisbrecht did not expressly "provide a definitive list of

23  factors that should be considered in determining whether a fee is reasonable or how those factors

24  should be weighed, the Court directed the lower courts to consider the 'character of the

25  representation and the results the representative achieved.' "  Crawford, 586 F.3d at 1151

26  (quoting Gisbrecht, 535 U.S. at 808).  The Ninth Circuit has stated a court may weigh the

27  following factors under Gisbrecht in determining whether the fee was reasonable: (1) the

28  standard of performance of the attorney in representing the claimant; (2) whether the attorney

3

1  exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of

2  past-due benefits; and (3) whether the requested fees are excessively large in relation to the

3  benefits achieved when taking into consideration the risk assumed in these cases.  Crawford, 586

4  F.3d at 1151-52.

5       Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted

6  under the EAJA.  Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r of Soc. Sec. Admin., 698 F.3d

7  1215, 1219 (9th Cir. 2012) (noting "the EAJA savings provision requires an attorney who

8  receives a fee award under § 2412(d) of the EAJA in addition to a fee award under § 406(b) for

9  the 'same work' to refund to the Social Security claimant the smaller award.").

10                                          **III.**

11                                      **DISCUSSION**

12      The Court has conducted an independent check to insure the reasonableness of the

13  requested fees in relation to this action.  Gisbrecht, 535 U.S. at 807.  Here, the fee agreement

14  between Plaintiff and Petitioner provides that: "If Attorney is successful in vacating or

15  remanding the adverse agency decision in whole or part, Client agrees to pay a fee equal to

16  twenty five percent (25%) of the total amount of any past-due benefits awarded to Client . . .

17  subject to the approval of the Court.  It is understood that this contingent fee is to be withheld

18  from past-due benefits awarded . . . and paid directly to the Attorney . . . Any amount received

19  by Attorney under the Equal Access to Justice Act will offset fees otherwise owed."  (Newel

20  Decl. ¶ 3; Attorney/Client Contingent Fee Agreement ("Agreement"), ECF No. 27-1 at 1.)

21  Plaintiff has been awarded retroactive benefits in the amount of $102,059.00.  (Mot. 3; Newel

22  Decl. ¶ 5, Ex. 3.)

23      Consideration of the factors set forth in Gisbrecht and Crawford warrants no reduction of

24  the fee Petitioner seeks.  There is no indication that a reduction of fees is warranted for

25  substandard performance.  Counsel is an experienced, competent attorney who secured a

26  successful result for Plaintiff.  (Newl Decl. ¶¶ 2-3.)  Specifically, Counsel was admitted to

27  practice in 1990, and has specialized in Social Security disability appeals in federal court for

28  approximately the past seven years.  (Newel Decl. ¶ 2.)  There is no indication that Counsel was

1    responsible for any delay in the court proceedings, with no extensions of time requested for

2    briefing by Plaintiff's counsel, while stipulating to two extensions for briefing for Defendant.

3    (Mot. 4; ECF Nos. 17, 20.)

4         Plaintiff agreed to a twenty-five percent (25%) fee at the outset of the representation, and

5    in reflecting the standard withholding by the Agency, the Court finds the fee is not excessively

6    large in relation to the retroactive award of $102,059.00.  In making this determination, the Court

7    recognizes the contingent nature of this case and the risk that counsel took of going

8    uncompensated.  Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

9         In support of the motion, Petitioner submitted a log of the time spent in prosecuting this

10   action.  (Newel Decl. ¶ 4, Ex. 2, ECF No. 27-2.)  The log demonstrates that Petitioner spent

11   26.40 hours on this action.  (Id.)[2]  Therefore, Petitioner is seeking $25,514.75 for 26.40 hours of

12   attorney time.  When considering the total amount requested by Petitioner, the fee request

13   translates to approximately $966.48 per hour for the services provided in this action.

14        In Crawford the Ninth Circuit found that fees of $519, $875, and $902 per hour, for time

15   of both attorneys and paralegals, was not excessive.  Crawford, 486 F.3d at 1153 (Clifton, J.,

16   concurring in part).  Further, since Gisbrecht, courts note that reducing a fee request should not

17   be routinely done and find fee awards of an effective hourly rate much higher than this to be

18   reasonable.  Williams v. Berryhill, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal.

19   Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per

20   hour); Coles v. Berryhill, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21,

21   2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); Palos v. Colvin,

22   No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought

23   translate to $1,546.39 per hour for attorney and paralegal services); see also Villa v. Astrue, No.

24   CIVS-06-0846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010) ("In practice, the

25   more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406

26   fee award.").

27   ───────────────────

28   [2]  While Plaintiff's timesheet incorrectly includes a signature page from May 2018 (ECF No. 27-2), the Court accepts the amounts offered in the timesheet as attested to in the attached declaration  (ECF No. 27 at 5-6).

1    The Court finds that the requested fees are reasonable when compared to the amount of

2    work Petitioner performed in representing Plaintiff.  Petitioner's representation of the claimant

3    resulted in the action being remanded for further proceedings and ultimately, substantial benefits

4    were awarded.

5    The award of Section 406(b) fees is offset by any prior award of attorney fees granted

6    under the EAJA.  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  In this instance, Petitioner has

7    previously been awarded $4,800.00 in EAJA fees and the award of fees under Section 406(b)

8    shall be offset in that amount.

9    **IV.**

10    **CONCLUSION AND ORDER**

11    For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to

12    Section 406(b) are reasonable.  Accordingly, IT IS HEREBY ORDERED that:

13    1.    Petitioner's motion for an award of attorney fees pursuant to Section 406(b) in the

14    amount of $25,514.75 is GRANTED;

15    2.    The Court authorized payment to Petitioner Melissa Newel in the amount of

16    $25,514.75 representing attorney fees being withheld from Plaintiff's past due

17    disability benefits; and

18    3.    Upon receipt of this sum, Petitioner shall remit $4,800.00 directly to Plaintiff as

19    an offset for EAJA fees previously awarded pursuant to 298 U.S.C. § 2412.

20

21    IT IS SO ORDERED.

22    Dated:    **September 1, 2020**

       _____
       UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28